**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

**BRYAN P. SPENCE,** ***et al.,***

*Plaintiffs*,

v.

**LLOYD J. AUSTIN III,** ***et al.***,

*Defendants*.

Case No. 4:22-cv-00453

**DEFENDANTS' SUPPLEMENTAL BRIEF**
**IN SUPPORT OF HOLDING CASE IN ABEYANCE**

## TABLE OF CONTENTS

**INTRODUCTION** .......... **1**

**BACKGROUND** .......... **1**

I. *Air Force Officer v. Austin* .......... 1

II. The Instant Action .......... 4

**ARGUMENT** .......... **5**

I. The Class Relief Claims Are Substantially Similar. .......... 5

II. This Court Should Hold This Case in Abeyance Pending Resolution of the Requests for Class-wide Relief in Air Force Officer. .......... 8

**CONCLUSION** .......... **11**

## TABLE OF AUTHORITIES

### CASES

*Air Force Officer v. Austin*,
--- F. Supp. 3d ---, No. 5:22-cv-00009, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022) ....................2, 11

*Burwell v. Hobby Lobby Stores, Inc.*,
573 U.S. 682 (2014) ....................6

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) ....................8, 9

*Chavez v. Plan Benefit Servs., Inc.*,
957 F.3d 542 (5th Cir. 2020),
*remanded*, 2022 WL 1493605 (W.D. Tex. Mar. 29, 2022) ....................10

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ....................9

*Cox v. Am. Cast Iron Pipe Co.*,
784 F.2d 1546 (11th Cir. 1986) ....................10

*Doster v. Kendall*,
---F. Supp. 3d---, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022) ....................10

*Goff v. Menke*,
672 F.2d 702 (8th Cir. 1982) ....................10

*Groseclose v. Dutton*,
829 F.2d 581 (6th Cir. 1987) ....................10

*In re Ramu Corp.*,
903 F.2d 312 (5th Cir. 1990),
*subsequent determination,* 2021 WL 3089386 (N.D. Tex. July 22, 2022) ....................8

*Jiaming Hu v. U.S. Dep't of Homeland Sec.*,
No. 4:17-cv-02363, 2018 WL 1251911 (E.D. Mo. Mar. 12, 2018) ....................9

*McNeil v. Guthrie*,
945 F.2d 1163 (10th Cir. 1991) ....................10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
675 F.2d 1169 (11th Cir. 1982) ....................10

*Mulvey v. Vertafore, Inc.*,
No. 3:21-CV-00213-E, 2021 WL 4137522 (N.D. Tex. May 7, 2021) ....................8

*Sampson v. Murray*,
415 U.S. 61 (1974) ....................11

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of the ILA; AFL-CIO,*
751 F.2d 721 (5th Cir. 1985).................... 8, 9

*Wynn v. Vilsack*,
No. 3:21-cv-514, 2021 WL 7501821 (M.D. Fla. Dec. 7, 2021)....................9

**RULES**

Fed. R. Civ. P. 23.................... 1, 3, 8, 10

**OTHER AUTHORITIES**

William B. Rubenstein, 3 Newberg on Class Actions (6th ed. 2022)....................9

## INTRODUCTION

Defendants respectfully submit this supplemental brief, pursuant to the Court's order, ECF No. 24, which directed the parties to file briefs addressing an appropriate course of action in this case in light of the pending motions for class certification and class-wide relief in *Air Force Officer v. Austin*, No. 5:22-cv-00009 (M.D. Ga.). Defendants set forth the information requested by the Court, including their position that the Court should hold this case in abeyance pending resolution of the motions for class certification and class-wide relief in *Air Force Officer*.

Plaintiffs filed the instant case almost five months after *Air Force Officer* was filed. Although the relevant defenses regarding individual named defendants differ—both across and within the two cases—the claims and defenses regarding the purported class are substantially similar. Should the court in *Air Force Officer* grant the pending motions for class certification and class-wide preliminary injunctive relief, the preliminary injunction would apply to Plaintiffs here. Holding this case in abeyance pending resolution of the motion for class relief would therefore conserve judicial resources and allow the court with the first-filed lawsuit to be the first to consider whether to grant a mandatory class under Rule 23(b)(2). Accordingly, this Court should exercise its discretionary authority to hold this case in abeyance.

## BACKGROUND

### I. *Air Force Officer v. Austin*

On January 6, 2022, Air Force Officer filed an anonymous complaint in the Middle District of Georgia against the Secretary of Defense, the Secretary of the Air Force, and the Surgeon General of the Air Force (collectively, "AFO Defendants"), alleging violations of the Religious Freedom Restoration Act ("RFRA"), the First Amendment, and the Administrative Procedure Act ("APA") related to the denial of her religious accommodation request to the COVID-19 vaccination mandate. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Jan 6, 2022), ECF No. 1. On the same day, Air Force

Officer also moved for a temporary restraining order and preliminary injunction to bar AFO Defendants from (1) applying the COVID-19 vaccination requirement; (2) denying religious accommodation requests; and (3) denying Air Force Officer's religious accommodation request or taking any related adverse action against Air Force Officer based on her unvaccinated status. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Jan 6, 2022), ECF No. 2 at 1.

On February 15, 2022, the court narrowly granted Air Force Officer's motion by enjoining the defendants from "enforcing [the COVID-19 vaccination mandate] against Plaintiff" and "from taking any adverse action against Plaintiff on the basis of this lawsuit or her request for religious accommodation." *Air Force Officer v. Austin*, --- F. Supp. 3d ---, No. 5:22-cv-00009, 2022 WL 468799, at *13 (M.D. Ga. Feb. 15, 2022). The court declined Air Force Officer's request to enter broader belief enjoining the COVID-19 vaccination mandate as a whole. *See id.* The Court relied exclusively on Air Force Officer's religious freedom claims under RFRA and the First Amendment, expressly declining to rule on Air Force Officer's APA claim. *See id.* at *6 n.7.

On February 28, 2022, Air Force Officer filed a purported class-action First Amended Complaint. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Feb. 28, 2022), ECF No. 56. Air Force Officer concurrently filed a motion for class certification, *see Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Feb. 28, 2022), ECF No. 57, and a motion for a class-wide preliminary injunction, *see Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Feb. 28, 2022), ECF No. 58. On April 27, 2022, the plaintiffs filed a Second Amended Complaint adding three new anonymous plaintiffs, including Air Force NCO, Air Force Special Agent, and Air Force Engineer (collectively with Air Force Officer, "AFO Plaintiffs"). *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Apr. 27, 2022), ECF No. 84. Shortly thereafter, on May 3, 2022, AFO Plaintiffs refiled a consolidated motion for class certification and for

a class-wide preliminary injunction on the basis of their RFRA and First Amendment claims.[1] *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 3, 2022), ECF No. 88. AFO Plaintiffs seek to certify the following class:

> [A]ll members of the United States Air Force who (a) are subject to a mandate of the Department of Defense or Air Force to receive a COVID-19 vaccine, (b) submitted a request for religious accommodation regarding such mandate based on a sincerely held religious belief, and (c) have received or will receive a final denial of such request from the Department of Defense or Air Force[.]

*Id.* at 1. AFO Plaintiffs seek to enjoin AFO Defendants from "enforcing [the COVID-19 vaccination mandate] against [AFO Plaintiffs] or any member of the Class," and "from taking any adverse action against [AFO Plaintiffs] or any member of the Class on the basis of this lawsuit or of any [AFO] Plaintiff's or Class member's request for religious accommodation related to the Mandates." *Id.* at 1–2.

AFO Defendants filed their opposition to the consolidated motion for class relief on May 24, 2022. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98. Regarding the motion for class certification, AFO Defendants argued that the proposed class is not ascertainable; the proposed class does not satisfy the Rule 23(a) requirements of commonality, typicality, or adequacy; and the proposed class cannot be maintained under Rule 23(b) because the requested relief is not indivisible. *See id.* at 3–21.

Regarding the motion for class-wide preliminary injunction, AFO Defendants argued that AFO Plaintiffs are unlikely to succeed on the merits of their claims because AFO Plaintiffs' claims are not ripe; Air Force NCO's claim, in particular, is unripe because he faces a pending Medical Evaluation Board process; Air Force Officer and Air Force NCO do not have justiciable claims because they voluntarily chose to retire from the Air Force; AFO Plaintiffs failed to exhaust

---

[1] AFO Plaintiffs do not seek class-wide relief on the basis of their APA claims. *See* ECF No. 88 at 2 n.3.

administrative remedies; and AFO Plaintiffs are unlikely to succeed on their RFRA or First Amendment claims because vaccination is the least restrictive means of furthering a compelling governmental interest. *See id.* at 21–36. AFO Defendants also argue that AFO Plaintiffs do not face irreparable harm and that the balance of equities and the public interest support denying the motion. *See id.* at 36–40.

Plaintiffs filed their reply on June 7, 2022. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. June 7, 2022), ECF No. 104.

## II. The Instant Action

On May 27, 2022, almost five months after Air Force Officer filed suit and four months after Air Force Officer first sought class certification and class-wide relief, the nine Plaintiffs in this case filed a purported class-action Complaint against the Secretary of Defense, the Department of Defense, and the Secretary of the Air Force, alleging a violation of RFRA and the First Amendment. Compl. ¶¶ 136–74, ECF No. 1. Plaintiffs' Complaint purports to represent:

> [A]ll members of the United States Air Force who are subject to the Air Force's COVID-19 Vaccine Mandate and who have submitted a[] [religious accommodation request] concerning the Air Force's COVID-19 Vaccine Mandate.

ECF No. 1 ¶ 131. Plaintiffs have not moved to certify a class.

Plaintiffs also simultaneously filed a motion for a temporary restraining order and preliminary injunction. ECF Nos. 4–5, 14-1. Plaintiffs seek to enjoin Defendants from: (1) applying the COVID-19 vaccination requirement; (2) denying religious accommodation requests; and (3) taking "any adverse action against any servicemembers" on the basis of COVID-19 vaccination status or taking "retributive or negative action" for making a religious accommodation request. ECF No. 14-1 ¶¶ 1–3.

Defendants filed their opposition to Plaintiffs' motion on June 13, 2022. ECF No. 19. Defendants argue that Plaintiffs are unlikely to succeed on the merits of their claims because their

claims are not ripe; their claims are not justiciable because they failed to exhaust their administrative remedies; Plaintiffs' assignment claims are not justiciable; at least seven Plaintiffs lack venue in the Northern District of Texas and all Plaintiffs are improperly joined; and Plaintiffs are unlikely to succeed on their RFRA or First Amendment claims because vaccination is the least restrictive means of furthering a compelling governmental interest. *See id.* at 11–39. Defendants also argued that Plaintiffs do not face irreparable harm and that the balance of equities and the public interest support denying the motion. *See id.* at 39–44.

Plaintiffs filed their reply on June 27, 2022. ECF No. 27. On July 1, 2022, this Court granted Defendants leave to file a response to Plaintiffs' reply given Plaintiffs' attachment of newly submitted evidence. ECF No. 30. That response is due no later than July 18. *See id.*

On June 17, 2022, this Court ordered the parties to file briefs addressing an appropriate course of action in light of the pending motions for class relief in *Air Force Officer*. ECF No. 24. The Court in particular requested information on "(1) the similarity of the facts, claims, relief, defenses, and arguments between the cases, (2) the extent to which the putative classes in the cases overlap, (3) whether the Court should hold this case in abeyance pending a decision from Judge Self on the pending motions, and (4) any other concerns the parties have regarding the Georgia action." *Id.* at 2.

## ARGUMENT

### I. The Class Relief Claims Are Substantially Similar.

The class relief claims are substantially similar, with only minor differences in the class definition and named defendants. Although the claims and defenses regarding *individual* defendants differ greatly—both across and within the two cases—those differences do not extend to the class claims and defenses.

The class definitions in *Air Force Officer* and the instant case differ in only two minor ways. Both purported classes include all members of the Air Force who are subject to the Air Force's

COVID-19 vaccination mandate and who have submitted a religious accommodation request. However, in *Air Force Officer*, the purported class includes only those who have "sincerely held religious belief[s]" and who "have received or will receive a final denial of such request." *Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 3, 2022), ECF No. 88 at 1. Notably, AFO Defendants have argued that AFO Plaintiffs' purported class is unascertainable because of these two qualifiers. Specifically, AFO Defendants argued that "there is no way to determine who 'will receive a final denial' until that denial occurs." *Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98 at 4–5. AFO Defendants also argued that the inclusion of only those service members with "sincerely held religious belief[s]" is an improper fail-safe class because it incorporates an element of the RFRA claim itself. *Id.* at 4; *see also Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717 n.28 (2014) ("To qualify for RFRA's protection, an asserted belief must be 'sincere[.]'"). Thus, even to the extent that these two differences between the class definitions are significant, the court in *Air Force Officer* may yet strike them from any future class definition.

The named defendants in *Air Force Officer* and the instant case overlap. Both suits name the Secretary of Defense and the Secretary of the Air Force. However, *Air Force Officer* also names the Surgeon General of the Air Force, and the instant litigation also names the Department of Defense. The difference in named defendants is immaterial here given that the requested injunctive relief would have substantially the same effect on the plaintiffs in both cases.

The lawsuits also request the same class-wide relief. Both seek to enjoin the Air Force COVID-19 vaccination mandate on a nationwide, class-wide basis, including enjoining the defendants from denying religious accommodation requests and from taking any adverse action related to class members' unvaccinated status. Accordingly, both lawsuits present the same inherent flaws with regard to class-wide relief. Each individual plaintiff and purported class member has unique factual circumstances, and therefore requires unique defenses. For example, as explained in Defendants'

opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction, Plaintiffs include six pilots, an intelligence officer, and two Judge Advocates.[2] ECF No. 19 at 21–23. The four plaintiffs in *Air Force Officer* have similarly varying roles.[3] Accordingly, lesser restrictive means of furthering the Air Force's compelling interests in military readiness and the health of service members may differ for each individual plaintiff.

Moreover, the various plaintiffs across both cases have unique factual circumstances related to the ripeness and justiciability of their individual claims. For example, two Plaintiffs in the instant litigation—Runyan and Wu—have not yet received final decisions on their religious accommodation requests. A third Plaintiff—Corcoran—recently had his request for reconsideration of his religious accommodation request granted. *See* Ex. 1, Reconsideration Grant Letter, App.2. In *Air Force Officer*, Air Force NCO faces pending Medical Evaluation Board processing, which will determine whether he is entitled to medical retirement unrelated to his vaccination status. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98 at 23. Air Force Officer and Air Force NCO also

[2] Defendants' opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction incorrectly identified Plaintiff Wu as the Deputy Chief of the 43d Air Mobility Operations Group. ECF No. 19 at 23. Wu was previously the Staff Judge Advocate for the 43d Air Mobility Ops Group and is now the Deputy Chief of the Commercial Litigation Field Support Center. *See* Decl. of Lt. Col. Christopher Wu, ECF No. 19-15 ¶ 3.

[3] The four AFO Plaintiffs serve in four different roles across different states. Air Force Officer is a reservist, and her civilian job focuses on supporting Air Force Reservists who are deployed and their families, which requires frequent interaction with members of her team and supervision of large events. *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. Feb. 1, 2022), ECF No. 38.

Air Force Engineer is an active duty Major who works at Joint Base Langley-Eustis in Virginia. *Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98-10 ¶¶ 1, 3. He serves as Chief of the Operations Support Branch, in which role he supervises and provides programming, budget, and execution support to engineers within Air Combat Command. *See id.* ¶¶ 4, 6.

Air Force Special Agent is a reservist who works at Peterson Space Force Base in Colorado. *Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98-11 ¶ 4. He is an investigator with the Air Force Office of Special Investigations, where "he is responsible for felony-level criminal investigations and national security investigations." *Id.*

Finally, Air Force NCO is a reservist who works at Robins Air Force Base in Georgia. *Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 24, 2022), ECF No. 98-12 ¶¶ 1, 3. Air Force NCO is the primary program manager of the Reserve Phoenix Raven Program, which "provides security to Air Force aircraft transiting in high terrorist and criminal threat areas." *Id.* ¶ 4.

both voluntarily chose to retire and thus do not have justiciable claims under binding Eleventh Circuit precedent. *Id.* at 23–24.

For these reasons, the defenses against class certification and class-wide relief in the instant litigation will be substantially similar to the defenses against class certification and class-wide relief in *Air Force Officer*. The class members are in different stages of the religious accommodation request process, have different bases for their requested religious accommodations, have different job positions and responsibilities, and there are different potentially less restrictive means of achieving the Air Force's compelling governmental interest in maintaining a medically fit force ready for deployment at all times. Because each purported class members' factual situations differ substantially, both lawsuits present the same failure to establish commonality, typicality, and adequacy under Rule 23(a); and indivisibility of relief under Rule 23(b)(2).

Accordingly, the class relief claims and defenses substantially overlap.

## II. This Court Should Hold This Case in Abeyance Pending Resolution of the Requests for Class-wide Relief in *Air Force Officer*.

Holding this case in abeyance pending a decision on the substantially similar class relief motions in *Air Force Officer* would conserve judicial resources and comport with the first-to-file rule.

"A district court has inherent discretionary authority to stay a case." *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)), *subsequent determination,* 2021 WL 3089386 (N.D. Tex. July 22, 2022). Moreover, under the first-to-file rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Alternatively, the court may stay the case. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of the ILA; AFL-CIO,* 751 F.2d 721, 729 n.1 (5th Cir. 1985) ("In addition to outright dismissal, it

sometimes may be appropriate to transfer the action or to stay it."). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *The Cadle Co.*, 174 F.3d at 603 (quoting *W. Gulf Mar. Ass'n*, 751 F.2d at 729).

The first-to-file rule finds particular relevance in the context of competing class actions lawsuits. This is because "[t]he primary goals of class action lawsuits are to avoid a multiplicity of actions and the risk of inconsistent or conflicting adjudications." William B. Rubenstein, 3 Newberg on Class Actions § 10:33 (6th ed. 2022). Indeed, "'[m]ultiple courts of appeal[]' have approved the practice of staying a case, or dismissing it without prejudice, 'on the ground that the plaintiff is a member of a parallel class action.'" *Wynn v. Vilsack*, No. 3:21-cv-514, 2021 WL 7501821, at *3 (M.D. Fla. Dec. 7, 2021) (citation omitted) (collecting cases); *see also Jiaming Hu v. U.S. Dep't of Homeland Sec.*, No. 4:17-cv-02363, 2018 WL 1251911, at *4 (E.D. Mo. Mar. 12, 2018) (collecting cases); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1811 (2018) ("[D]istrict courts have ample tools at their disposal to manage [competing class action] suits, including the ability to stay, consolidate, or transfer proceedings.").

Here, plaintiffs in *Air Force Officer* were the first to file a substantially similar purported class-action lawsuit.[4] Allowing the court with the first-filed lawsuit to rule first is especially important here

[4] *Doster v. Kendall*, No. 1:22-cv-00084 (S.D. Ohio), is another substantially similar lawsuit with a pending class certification motion that predates the instant litigation. In *Doster*, 18 members of the Air Force filed a purported class-action lawsuit on February 16, 2022, challenging the Air Force's COVID-19 vaccination mandate as violative of RFRA and the First Amendment. *Doster*, No. 1:22-cv-00084 (S.D. Ohio Feb. 16, 2022), ECF No. 1. They sought a nationwide injunction against the Secretary of the Air Force, the Surgeon General of the Air Force, the United States, and three Air Force commanders to enjoin the Air Force COVID-19 vaccination mandate. *Doster*, No. 1:22-cv-00084 (S.D. Ohio Feb. 22, 2022), ECF No. 13. On March 2, 2022, 17 of the 18 plaintiffs moved to certify a class of:

> All active-duty[] and active reserve members of the United States Air Force who: (i) submitted a religious accommodation request to the Air Force from the Air Force's COVID-19 vaccination requirement, where the request was submitted or was pending, from September 1, 2021 to the present; (ii) were confirmed as having had a sincerely

because plaintiffs in *Air Force Officer* seek to certify a mandatory class under Rule 23(b)(2). *See Air Force Officer*, No. 5:22-cv-00009 (M.D. Ga. May 3, 2022), ECF No. 88 at 1. In a mandatory Rule 23(b)(2) class, each and every class member is bound by the court's judgment without the opportunity to opt out, either before or after judgment. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1554 (11th Cir. 1986) ("The general rule in this Circuit is that absent members of (b)(2) classes have no automatic right to opt out of a lawsuit and to prosecute an entirely separate action."); *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542, 547 (5th Cir. 2020) ("[T]he existence of a class fundamentally alters the rights of present and absent members, particularly for mandatory classes such as the one here."), *remanded*, 2022 WL 1493605 (W.D. Tex. Mar. 29, 2022). Moreover, there is reason to believe that courts lack the authority to certify a duplicative Rule 23(b)(2) class. *See, e.g.*, *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991) ("Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified."); *Groseclose v. Dutton*, 829 F.2d 581, 584-85 (6th Cir. 1987); *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) ("[A] class member should not be able to prosecute a separate equitable action once his or her class has been certified."); *cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982) ("[W]hen separate courts are presented with the same lawsuit[,] . . . one court must yield its jurisdiction to the other[.]"). Accordingly, holding this case in abeyance will allow the court with the first-filed lawsuit in *Air Force Officer* to be the first to consider the motions for class certification and class-wide relief.

Holding the case in abeyance will not prejudice Plaintiffs. For all the reasons explained in

---

> held religious belief by or through Air Force Chaplains; and (iii) either had their requested accommodation denied or have not had action on that request.

*Doster*, No. 1:22-cv-00084 (S.D. Ohio Mar. 2, 2022), ECF No. 21 at 4. The defendants filed their opposition to class certification on March 23, *Doster*, No. 1:22-cv-00084 (S.D. Ohio Mar. 23, 2022), ECF No. 34, and the plaintiffs filed their reply on March 30, *Doster*, No. 1:22-cv-00084 (S.D. Ohio Mar. 30, 2022), ECF No. 46. That motion remains pending. On March 31, 2022, the court narrowly granted the plaintiffs' requested relief to apply only to the named plaintiffs. *See Doster v. Kendall*, ---F. Supp. 3d---, 2022 WL 982299, at *17 (S.D. Ohio Mar. 31, 2022). Plaintiffs have not moved for a class-wide preliminary injunction.

Defendants' opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction, Plaintiffs do not face irreparable harm. ECF No. 19 at 39–42. None of Plaintiffs' alleged employment-related harms are irreparable. *See Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974); *see Air Force Officer*, 2022 WL 468799, at *12 ("While it is true that Plaintiff has 'gradually [been] stripped of her duties, benefits, and pay, and forced into early retirement' . . . these harms are redressable as monetary damages and therefore insufficient to obtain injunctive relief." (citation omitted)). To the extent that Plaintiffs' alleged loss of First Amendment rights constitutes irreparable harm, the court in *Air Force Officer* is already considering whether to grant class-wide relief on that basis. Should the court in *Air Force Officer* ultimately decline to enter class-wide relief, Plaintiffs are not prejudiced in seeking both individualized and class-wide injunctive relief at that time in this case.

**CONCLUSION**

For the foregoing reasons, the Court should hold this case in abeyance pending resolution of the substantially similar requests for class certification and class-wide relief in *Air Force Officer*.

Dated: July 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Cassandra Snyder*
AMY POWELL
Senior Trial Counsel
CASSANDRA SNYDER
Trial Attorney
Department of Justice, Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005

Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Cassandra Snyder*
CASSANDRA M. SNYDER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov