IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRYAN P. SPENCE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> LLOYD J. AUSTIN, III, *et al.*, <br><br> *Defendants*. | Case No: 4:22-cv-00453-O |

**<u>PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *DOSTER V. KENDALL*</u>**

Plaintiffs respectfully request that this Court issue their requested preliminary injunction rather than forcing them to rely upon a narrower injunction issued on July 27, 2022, by the Southern District of Ohio in *Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022).

The temporary restraining order issued in that case on July 14 enjoined the defendants there from taking various actions against Air Force and Space Force members who submitted Religious Accommodation Requests ("RARs") to the Air Force's COVID-19 vaccine mandate. *Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2760455 (S.D. Ohio On July 22, 2022, pursuant to this Court's order (ECF No. 24) the parties in this case submitted cross-response briefs regarding whether this case should be held in abeyance. In that briefing, Defendants stated that "the temporary restraining order in *Doster* includes Plaintiffs' requested relief" and that "the certified class in *Doster* includes all of Plaintiffs' putative class members."[1] Defs.' Cross-Response, ECF No. 35, at 2. On July 27, 2022, the Southern District of Ohio issued a preliminary injunction, with clarified language regarding the scope of relief. *Doster*, 2022 WL 2974733. If Defendants expressly agree that the preliminary injunction includes *all* the relief requested by Plaintiffs in this case, as they maintain the temporary restraining order did, this case may appropriately be held in abeyance, at least for now.

But Plaintiffs cannot rest on Defendants' prior assurances. The *Doster* preliminary injunction states: "Nothing in this Order precludes the Department of the Air Force from considering vaccination status in making deployment, assignment, and other operational

---

[1] The certified class in *Doster* is limited to servicemembers who "were confirmed as having had a sincerely held religious belief substantially burdened by the Air Force's COVID-19 vaccination requirement by or through Air Force Chaplains." *Doster*, 2022 WL 2974733, at *1. Plaintiffs' proposed class did not include this requirement, but the distinction makes little if any difference here because all nine Plaintiffs received such confirmation from Air Force chaplains.

decisions." *Id.* at *2. That sentence was added to the injunction after the *Doster* plaintiffs requested the court there include it. Response to Government's Brief Regarding Class-Wide Injunctive Relief, ECF No. 74, *Doster v. Kendall*, No. 1:22-cv-84, at 10. Presumably, the *Doster* plaintiffs sought to preempt the same arguments Defendants have made in this case regarding the Supreme Court's partial stay in *Navy SEALs 1–26 v. Biden.* But, as Plaintiffs have already explained, the Supreme Court's stay there necessarily rested on a holding that defendants in that case were using the least restrictive means available to them; had the Supreme Court not believed that to be the case, it could not have justified a stay. Here, the facts are different and clearly show that Defendants are not making decisions out of operational necessity with no less restrictive means available. They are discriminating against religiously based requests. Pls.' Reply Br., ECF No. 27, at 28–29. Indeed, the limited factual and legal analysis of a "shadow docket" case is precisely why such decisions are not precedential. Plaintiffs are entitled to broader relief than that which has been afforded through the *Doster* class action.

      Given Defendants' actions thus far, Plaintiffs are concerned that Defendants will label any number of adverse actions that are not specifically prohibited by the *Doster* injunction as "operational" or "assignment" based, even though Defendants have no compelling interest in taking those adverse actions and those adverse actions are not the least restrictive means available to Defendants. For example, Plaintiff Wu had a promotion to be the Staff Judge Advocate at Patrick Space Force Base revoked due to his vaccination status. Pls. App. in Support of Br. Supporting Plaintiffs' Mot. For Temporary Restraining Order and Preliminary Injunction, ECF No. 6, at 133.[2] Plaintiff Sosebee was fired from his position when his supervisor learned he was appealing his RAR denial, App.148, and Defendants have threatened to refuse to promote him

---

[2] References to this appendix are hereafter labeled as "App.X".

2

to the next rank, Suppl. App. In Support of Pls.' Reply Br. In Support of Mot. For Temporary Restraining Order and Preliminary Injunction, ECF No. 28, at 8–9.[3] Several Plaintiffs are still grounded from flight. *See, e.g.*, App.56, App.85, App.95. Defendants have not established any compelling interest in taking these measures, and less restrictive means are available to them. *See* Pls.' Br. ECF No. 5, at 9–16; Pls.' Reply Br., ECF No. 27, at 18–24. Indeed, they employ less restrictive means in the case of medically exempt servicemembers. S.App.30 (affidavit from servicemember who is permitted to fly and perform his normal duties under a medical exemption).

In short, Plaintiffs are concerned that Defendants will argue that each of these adverse actions against religious requesters is a matter of Plaintiffs' assignments, or of Defendants' operations, and thus exempt from the *Doster* preliminary injunction. That is why Plaintiffs' requested injunction here would prohibit Defendants from making non-receipt of COVID-19 vaccination or submission of an RAR a basis for *any* adverse action, including "change in job titles or duties, removal from assignments, or non-issuance of assignments; negative performance reviews, promotion recommendations, or stratifications…loss or delay of promotion [or] training opportunities…or precluding servicemembers from traveling to and performing duty in person, unless Defendants can prove that failing to take a particular adverse action against the servicemember in question would likely have a real and concrete (not theoretical) adverse impact on a compelling government interest." Proposed Order, ECF No. 4. Each of the foregoing actions is not specifically prohibited by the *Doster* injunction, and Plaintiffs fear that Defendants will label these decisions "operational" or "assignment-based" in order to continue discriminating against them. Plaintiffs therefore request that this Court enter their proposed preliminary injunction, at least as to the nine named Plaintiffs.

---

[3] References to the supplementary appendix are hereafter labeled as "S.App.X".

This Court has the power to do so. As the Fifth Circuit has recognized, "[t]he matter of devising an appropriate remedy for deprivation of constitutional rights is addressed to the sound discretion of the trial judge." *Adams v. Miami Police Benev. Ass'n, Inc.*, 454 F.2d 1315, 1320 (5th Cir. 1972). In exercising that power, "[t]he District Court must be mindful not only of its authority, but also of its duty to remedy fully those constitutional violations it finds. It should be flexible but unflinching in its use of its equitable powers." *Ciudadanos Unidos De San Juan v. Hidalgo Cnty. Grand Jury Comm'rs*, 622 F.2d 807, 826 (5th Cir. 1980) (quoting *Dayton Board of Education v. Brinkman*, 433 U.S. 406, 424 (1977) (Brennan, J., concurring)) (cleaned up).

Under that broad discretion and duty to remedy constitutional violations "fully," courts have allowed a class member to pursue equitable relief that was not afforded by a class action. *See, e.g.*, *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991) ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action"); *Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), *opinion vacated in part on reconsideration*, 876 F.2d 1485 (11th Cir. 1989) (holding plaintiff could seek relief that was not sought by class representatives); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (holding that district court erred in dismissing allegations of plaintiff's complaint which went beyond the relief prayed for in class action). To be sure, one court may defer to another where the requested relief would merely "duplicate" the prayer for relief in a class action. *See Crawford*, 599 F.2d at 893. But where, as here, Plaintiffs "seek[] relief *different* from that requested by the class representatives" in the same or another case, a district court may appropriately grant that class member's prayer for relief. *Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), *opinion vacated in part on reconsideration*, 876 F.2d 1485 (11th Cir. 1989) (emphasis added).

4

Plaintiffs therefore request that this Court issue Plaintiffs' requested injunction, which is broader than the *Doster* injunction, to prevent Defendants from continuing to punish Plaintiffs' religious exercise. Even if this Court does not wish to issue relief on behalf of Plaintiffs' entire proposed class, it should issue an injunction as to the nine named Plaintiffs in this case.

August 1, 2022
Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
  D.C. Bar No. 416368
Cristina M. Squiers
  Texas Bar No. 24093764
  *Counsel of Record*
Annika M. Boone* **
  Utah Bar No. 17176)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
gschaerr@schaerr-jaffe.com
csquiers@schaerr-jaffe.com
aboone@schaerr-jaffe.com

Kelly J. Shackelford
  Texas Bar No. 18070950
Jeffrey C. Mateer
  Texas Bar No. 13185320
David J. Hacker
  Texas Bar No. 24103323

Michael D. Berry
  Texas Bar No. 24085835
Roger Byron
  Texas Bar No. 24062643
First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
rbyron@firstliberty.org

*Counsel for Plaintiffs and the Proposed Class*

\*Admitted *pro hac vice*.
\*\* Not yet admitted in D.C. Practicing under the supervision of D.C. attorneys.